## STATE v. PAUL W. SHEVCHUK.

191 N. W. (2d) 557.

November 5, 1971—No. 41867.

*C. Paul Jones*, State Public Defender, and *Doris O. Huspeni*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PETERSON, JUSTICE.

Defendant, Paul W. Shevchuk, upon this appeal from a conviction of burglary, contends only that the evidence against him was constitutionally inadmissible as the fruit of an unlawful search and seizure incident to his detention for a traffic offense. We think not, so the judgment of conviction must be affirmed.[1]

A police officer, David John Ericson, observed defendant's automobile speeding in the city of Bloomington in the early

[1] Defendant was sentenced to an indeterminate term in the State Reformatory, not to exceed 3 years. He was released on parole December 23, 1969, after serving 18 months. The sentence expired on November 12, 1970, and he was discharged from parole.

morning hours of March 18, 1968. The automobile did not stop promptly when signaled, but when it did stop, both defendant, who was in the passenger seat, and his brother, who was driving, immediately emerged and walked back toward the police automobile. Officer Ericson informed them that they were stopped for the speeding violation and walked with them to a position by the driver's side of defendant's automobile. The door was open, and Officer Ericson shined his flashlight into the front of the automobile—admittedly a routine practice—"on the possibility of beer or—open bottle, anything as such." From outside the automobile he observed a sawed-off rifle, only partly hidden under the driver's seat. Ericson then arrested defendant and his brother for unlawful possession of the firearm (then 26 USCA, §§ 5851, 5821), charging defendant's brother with the speeding offense as well.

The arrest of defendant was followed by a search of his person and a search inside his automobile. These searches produced the evidence which clearly implicated defendant and his brother in the burglary of a nearby church shortly prior to the arrest.

The determinative issue posed by defendant is whether Officer Ericson's routine look into his car from the outside, at that moment incident only to detention for a traffic violation, was a constitutionally impermissible search, for if not impermissible, probable cause existed for the subsequent searches. The trial court declined to suppress the evidence, ruling that the police officer's initial observation was not a search within the meaning of the "plain sight" rule.[2]

The plain sight rule, as stated in Harris v. United States, 390 U. S. 234, 236, 88 S. Ct. 992, 993, 19 L. ed. 2d 1067, 1069 (1968), is that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." See also our own

---

[2] The trial court did suppress defendant's confession on other grounds not relevant to the present issue.

decision in State v. Clifford, 273 Minn. 249, 141 N. W. 2d 124 (1966).

Arrest for a traffic offense does not, without more, permit a probing, exploratory police investigation of an automobile for evidence of unrelated offenses—and most certainly does not permit personal search of the occupants. The Fourth Amendment does not, however, require tunnel vision. A police officer who approaches a traffic violator seated in an automobile, to apprise him of the reason for his detention and to require production of a driver's license, is not required to avert his eyes from anything else inside of the automobile lest he should see criminal contents in plain sight. The situation is little different when, as here, the driver and his passenger got out of the automobile to meet the police officer—an unusual maneuver—and the officer merely walked them back the few feet to a position adjacent to the side of their own automobile. It may be added that a cursory look for an "open bottle," even as a routine procedure, is not so irrelevant to investigation of a speeding violation as to make it impermissibly exploratory for evidence of other offenses.

We hold that the police officer was rightfully positioned to see defendant's unlawful firearm in plain sight, and that his observation of it through the open door of defendant's automobile was not a search within the meaning of the Fourth Amendment.

Affirmed.