STATE of Minnesota, Appellant,

v.

Barry Scott LANDON, Respondent.

No. 47557.

Supreme Court of Minnesota.

June 24, 1977.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Victor B. Anderson, St. Paul, for respondent.

PER CURIAM.

This is a pretrial appeal by the state, pursuant to Rule 29.03, Rules of Criminal Procedure, from an order of the district court suppressing evidence in a prosecution of defendant for possession of a pistol without a permit, Minn.St. 624.714, subd. 1. The issue raised by the appeal is whether the police violated defendant's Fourth Amendment rights when, after lawfully stopping defendant for a speeding offense, they shined a flashlight into defendant's car and observed in plain sight the gun defendant is charged with illegally possessing. We hold they did not violate defendant's rights and therefore reverse the order suppressing the gun and a subsequent statement defendant made to the police.

This case is controlled by our decision in *State v. Shevchuk*, 291 Minn. 365, 191 N.W.2d 557 (1971), where we affirmed a conviction based on evidence discovered and seized under similar circumstances. Here, as in *Shevchuk*, the police stopped a car for a speeding violation and, pursuant to a routine practice in such situations, shined a flashlight through the window into the car. The officer in *Shevchuk* stated that he did this "on the possibility of beer or—open bottles, anything as such." Here the officers stated that the purpose of this practice was "just to check and see if there is anybody in there or anything that he shouldn't have." In both cases the officers, while making the visual check, observed guns protruding from under the car seat and seized them.

In the instant case the district court concluded that the discovery of the gun was not inadvertent and that therefore, under the inadvertency requirement of *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 564 (1971), the gun and the subsequent statement had to be suppressed. In our opinion this was error because here, as in *Shevchuk*, the officers had no reason to expect they would discover any evidence when they looked into the car.

In conclusion we believe that this case is indistinguishable from the *Shevchuk* case and therefore we reverse the suppression order.

Defendant is allowed $150 in attorneys fees pursuant to Rule 29.03, subd. 2(8), Rules of Criminal Procedure.

· Reversed and remanded.