**STATE of Minnesota, Respondent,**

v.

**Bruce E. WILLIS, Appellant.**

**No. 81–503.**

Supreme Court of Minnesota.

June 18, 1982.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist and Richard Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of being a felon in possession of a pistol in violation of Minn.Stat. § 624.713, subd. (1)(b) and (2) (1980). The trial court sentenced defendant to an executed prison term of 32 months, which is the presumptive sentence for a severity level III offense, committed by one with defendant's conviction history score of six. On appeal from judgment of conviction, defendant contends that the trial court erred by not suppressing the weapon on Fourth Amendment grounds and that the evidence that defendant constructively possessed the weapon was legally insufficient. We affirm.

At 2:30 a.m. on November 2, 1980, Officer Richard Steffen of the Highway Patrol stopped a one-seater 1971 Ford Ranchero after clocking it at a speed of 70 m. p. h. in a 55 m.p.h. zone on southbound 35W in Minneapolis. As the vehicle was slowing to pull over onto the shoulder, Steffen saw defendant, who was one of the two passengers, lean forward, turn around and look back and then lean forward again.

The driver, Kathleen Faulkner, got out and walked briskly back and met Steffen as he walked toward the car. Unable to learn what, if anything, defendant was hiding, Steffen placed Faulkner in the back of his cruiser and approached the car again. Defendant did not respond after being asked what he was hiding. Steffen noted that defendant also had his feet pulled back against the front part of the front seat. Steffen saw a lifelike rubber face mask on the floor.

Steffen ordered defendant and the other passenger, Annette Brown, to get out and directed defendant to stand near the chainlink right-of-way fence and Brown to stand in front of the car. As Brown slid out, Steffen, who was still outside the car, saw, in open view, a blue metal clip part of a handgun sticking out from under the seat where defendant had been sitting.

While defendant and Brown were out of the car, Steffen reached under the seat and pulled out what later was determined to be a 19-inch long 30 caliber semiautomatic pistol with a clip or magazine containing 27 rounds of ammunition locked in place. As Steffen did this, defendant climbed over the fence and began to run. Steffen gave chase and caught him.

Steffen handcuffed defendant to the fence, seized the gun and called for assistance from two other troopers. The officers questioned defendant and the woman and then custodially arrested defendant.

1. Defendant's first contention is that the trial court erred in denying his motion to suppress.

The trial court denied the motion on two grounds: (a) that defendant, as a passenger, did not have a reasonable expectation of privacy in the area under the seat on which he was sitting, and (b) that in any event, Officer Steffen acted legally in entering the car and seizing the gun.

On appeal, defendant admits that, as a matter of federal constitutional law, under *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), he does not have automatic standing, but contends that the automatic standing rule should be retained by this court as a matter of state constitutional law.

We see no need to even consider this issue because we are satisfied that even if defendant had a reasonable expectation of privacy in the area under the seat, his Fourth Amendment rights were not violated by the actions of Officer Steffen.

In arguing that the actions of Steffen violated his rights, defendant primarily relies upon *State v. Gallagher,* 275 N.W.2d 803 (Minn.1979), where we intimated that when a motor vehicle is stopped, the fact that the driver immediately exits the vehicle and makes furtive movements, while relevant, might not be enough by themselves to establish probable cause. *See also State v. Dineen,* 296 N.W.2d 421 (Minn. 1980); 1 W. LaFave, *Search and Seizure,* § 3.6(d) (1978).

We need not approach this case as defendant suggests,[1] however, because, before Steffen actually entered the car, he acquired other information that clearly gave him probable cause to believe that there was a weapon in the car.

At a minimum, Officer Steffen was justified in going up to the car and investigating further. In *State v. Landon*, 256 N.W.2d 89 (Minn.1977), we upheld the practice of police officers routinely shining flashlights through the windows of cars lawfully stopped for speeding. *See also State v. Vohnoutka*, 292 N.W.2d 756 (Minn.1980); 1 W. LaFave, *Search and Seizure*, § 2.2(b) (1978). Officer Steffen had a more specific reason for talking with defendant: defendant had acted suspiciously as if he were trying to conceal something. Defendant's failure to give any explanation for this conduct only increased the grounds for suspicion.

After speaking with defendant, Officer Steffen ordered defendant and the other passenger out. In *State v. Ferrise*, 269 N.W.2d 888, 891 (Minn.1978), the police officer opened the door of a car in order to ask if a passenger could aid in accurately identifying the driver, who had no license. Upon doing so, he spotted a gun. We held that opening the door could not be deemed unreasonable under the circumstances, "especially when under [*Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), the officer] probably could have [opened the door] whether or not he had a particular reason for wanting to talk to the passenger." The United States Supreme Court still has not settled the issue, which we addressed in dictum in *Ferrise*, whether the *Mimms* analysis would justify a policy of routinely ordering passengers out of a car, and not just the driver. Whether or not our statement in dictum in *Ferrise* was correct, however, does not matter in this case. Given the time, place and the circumstances, Officer Steffen clearly was justified in ordering the passengers out in order to get them away from what might well be a weapon under the seat.

Whether Steffen could have entered the car and reached under the seat without having probable cause to believe that a gun was there is another issue which we need not decide[2] because, by the time Steffen initiated the search, he clearly had probable cause to believe that the car contained a gun. Standing where he had a right to stand when he ordered the passengers out, Steffen saw, in open view, the clip of the gun protruding from under the seat. At this point, he had probable cause to believe that there was a gun under the seat. The additional legal predicate[3] for entering the car and seizing the gun may be found in the automobile exception to the warrant requirement, as well as in Steffen's right to seize the gun to make sure that no one could use it against him.

We conclude, therefore, that Officer Steffen did not violate any Fourth Amendment expectation of privacy that defendant may have had in the area under the seat.

2. Defendant's only other contention is that the evidence was legally insufficient to establish that he constructively possessed the gun.

In *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975), we discussed the constructive possession doctrine in detail. Suffice it to say, the state has to prove

---

1. We also need not decide whether the failure of Faulkner and of defendant to explain defendant's furtive movements could be considered in the probable cause assessment and, if so, whether that information, when coupled with the previous information, could have established probable cause. We note, however, that Professor LaFave believes that "[T]he better view is that [even a] refusal to answer is [a] factor which an officer may consider, together with the evidence that gave rise to his prior suspicion" in making his probable cause assessment. 1 W. LaFave, *Search and Seizure*, § 3.6(f) at 674 (1978).

2. *Compare State v. Gilchrist*, 299 N.W.2d 913 (Minn.1980), with *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980). *See also* 3 W. LaFave, *Search and Seizure*, § 9.4(e) (1978 & Supp. 1982).

3. *See State v. Yaeger*, 277 N.W.2d 405, 407 (Minn.1979).

beyond a reasonable doubt that, although not in actual or physical possession of the item at the time of arrest, the defendant consciously exercised dominion and control over it. We are satisfied that the state established that beyond a reasonable doubt in this case.

Affirmed.