**STATE of Minnesota, Respondent,**

v.

**John Eugene LILJEDAHL, Appellant.**

**No. 81–1124.**

Supreme Court of Minnesota.

Dec. 17, 1982.

---

C. Paul Jones, Public Defender, and Margaret LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

YETKA, Justice.

This is an appeal from a judgment of conviction of conspiracy to commit aggravated robbery, Minn.Stat. §§ 609.175, 609.245 (1980). The presumptive sentence for this offense by a person with defendant's criminal history score is 1 year and 1 day in prison, with sentence executed. The trial court departed from the presumptive sentence by staying execution of sentence and placing defendant on probation, on condition that defendant spend the first 60 days of probation in the workhouse. That probationary jail time has been stayed pending this appeal. Issues raised by defendant on appeal are (1) whether the police violated defendant's Fourth Amendment rights

when they searched the car in which he was riding as a passenger shortly before his arrest and (2) whether it is an affirmative defense to a conspiracy charge under Minn. Stat. § 609.175 (1980) that the defendant withdrew from the conspiracy after an overt act in furtherance of the agreement was committed but before the completed crime which was the object of the conspiracy was committed. We affirm.

Around 10 p.m. on January 28, 1981, two St. Paul police officers, sitting in a squad car with the lights off, observed defendant and an accomplice, both of whom were dressed in clothes that were inappropriate to the cold weather, walk from a parking lot behind a Clark's Submarine shop to one of the shop's windows. They stood outside the shop for the next 5 minutes, peeking into the shop through the window occasionally but generally staying out of view of those within the shop. A number of customers entered and left the shop during this 5-minute period; at no time was the shop empty of customers.

Their suspicions justifiably aroused, the officers continued watching. When the two men returned to the parking lot and got into the back seat of a car in which two other men were waiting, the officers decided to follow the car and stop it. The stop was based partly on the officers' suspicion that the men had been casing the shop for a robbery and partly on the fact that the car had a defective taillight and no license plate light.

The driver of the car said that they had been coming from a friend's house nearby. Asked why they had been behind the Clark's shop, the driver denied it. When the officer told him that they had followed the car from behind the shop and that they knew that they had been there, the driver said that defendant and one of the others had wanted to buy some submarine sandwiches, then had changed their minds.

One of the officers, Calvin Ross, then escorted the driver back to the squad car so that the other officer, Michael O'Brien, could run a check on the driver's license. Ross then returned to the stopped vehicle, shined his flashlight in, and asked the passengers to produce identification. At this point, defendant moved a coat on his lap, revealing in open view an unsheathed 6-inch fixed blade hunting knife. Ross seized this and showed it to O'Brien. Then they called in other officers to assist them and ordered defendant and the other two passengers out of the car. Ross then entered the car and conducted a search. He found two pieces of ladies nylon stocking in the front seat and a .38 caliber revolver loaded with a live hollow point bullet, a sheath for the knife, and two masks made from nylon stockings in the back seat.

Defendant and the others were then arrested.

It is undisputed that defendant and the others had planned to rob the shop and that defendant and one of the others, armed with the knife and the gun, had approached the shop preparatory to going in and committing the robbery. However, possibly because there were customers in the shop, they abandoned this plan and returned to the car and were driving away from the scene when they were stopped and arrested.

■ 1. Defendant's first contention is that the nylon pieces, the nylon masks, the gun, the bullet, and the sheath were all the product of an illegal warrantless search of the car.

The stop of the car was clearly proper on either of two grounds. First, the officers had reasonable grounds for suspecting that the two men observed outside the submarine shop may have been casing the shop as part of a plan to rob it. Second, the officers observed that the car had a broken taillight and no license plate light.

The officers' suspicion that a robbery had been planned increased when the driver obviously lied to the officers.

While Officer O'Brien had the driver in the squad car checking his license, Officer Ross was justified in reapproaching the stopped car and shining his flashlight in. *State v. Vohnoutka,* 292 N.W.2d 756 (Minn. 1980). Since the unsheathed knife was in open view, Officer Ross was justified in

immediately reaching into the car and seizing the knife. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Officer Ross also was justified in ordering defendant and the other two passengers out of the car. *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); *State v. Willis,* 320 N.W.2d 726 (Minn.1982); *State v. Ferrise,* 269 N.W.2d 888 (Minn.1978).

The only remaining search issue is whether the subsequent entry of the car to search it was justified. We need not decide whether the search of the car after everyone was out could be justified on a weapons frisk theory. Compare *State v. Gilchrist,* 299 N.W.2d 913 (Minn.1980) with *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). *See also* 3 W. LaFave, Search and Seizure, § 9.4(e) (1978 and Supp.1982). We are satisfied that the officers had probable cause to arrest and/or search. If the officers had probable cause to arrest, the search was justifiable as a search of a car incident to an arrest of the driver and the passengers. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Frazier,* 318 N.W.2d 42 (Minn.1982). If the officers had probable cause to believe that there was another weapon in the car or other evidence of a crime, then the entry and search were justifiable under the automobile exception to the warrant requirement. *State v. Willis,* 320 N.W.2d 726 (Minn.1982). Our opinion is that the officers had enough information to make it probable that a crime had been committed, namely, conspiracy to commit aggravated robbery. They had not only probable cause to arrest and search as an incident to the arrests but also probable cause independently justifying a search for other evidence, and other weapons, apart from whether or not arrests were made.[1]

■ 2. Defendant's other contention is that his withdrawal from the conspiracy should constitute an affirmative defense even though the withdrawal occurred after overt acts in furtherance of the conspiracy had been committed.

The answer to this is that it is a legislative function to determine the elements of a criminal offense, and the legislature in Minnesota has decided that the offense of conspiracy is complete once an overt act has been committed in furtherance of an agreement to commit a crime. Minn.Stat. § 609.175 (1980). The legislature has specifically provided in Minn.Stat. § 609.05, subd. 3 (1980), that abandonment of or withdrawal from a conspiracy by a defendant is a defense to a charge that he committed the offense that was the object of the conspiracy. The legislature has not enacted a specific provision giving a conspirator a defense to a conspiracy charge if he withdrew after an overt act in furtherance of the conspiracy was committed. If the legislature had intended that there be such a defense, it presumably would have explicitly stated so, just as, with respect to the crime of attempt, it explicitly adopted a defense of abandonment. *See* Minn.Stat. § 609.17, subd. 3 (1980).

Affirmed.

---

1. Because of our holding, we need not address the issue whether defendant has standing to challenge the search. *State v. Willis,* 320 N.W.2d 726 (Minn.1982).