**William E. BLANK, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant,**

**No. C6–84–1095.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

---

Glenn P. Binder, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal by the Commissioner of Public Safety from an order of the trial court rescinding the revocation of respondent's driver's license because respondent was not validly stopped. The respondent's driver's license had been revoked by the Commissioner of Public Safety following respondent's arrest for D.W.I. We reverse.

## FACTS

Around midnight on February 18, 1984, Officer John Keding was westbound on Highway 12 approaching the intersection of Nelson Road within the City of Independence. He observed a vehicle parked on the roadway with the motor running and the lights on at Nelson Road just south of Highway 12.

Officer Keding turned around and pulled up directly behind respondent's vehicle. He stated he wanted to check out if there was any problem. Officer Keding did not observe any unlawful conduct at the time. He asked that the driver of the car produce a driver's license and asked if anything was wrong. While speaking to the respondent, Officer Keding noticed the respondent had a strong odor of an alcoholic beverage on his breath, bloodshot and watery eyes and a flushed face. He then had respondent perform some field sobriety tests which respondent failed. Officer Keding then concluded that respondent was under the influence of alcohol and placed him under arrest for D.W.I. Respondent was read the implied consent advisory and agreed to submit to a breath test which revealed an alcohol content of .13.

Following an implied consent hearing the trial court rescinded the revocation of respondent's driver's license. The trial court concluded that Officer Keding did not have any articulable grounds to approach respondent's vehicle because he did not observe any traffic or equipment violations. Further, the trial court concluded that Officer Keding was unaware of any facts which would cause him to suspect that respondent was engaged in a wrongdoing and concluded that Officer Keding had no reason to believe that respondent needed any assistance. The court stated that it was not unusual to observe vehicles in the winter parked with the engines running, the lights on to allow the engines to warm, or the heaters to warm up or the windows to defrost.

## ISSUE

Did the trial court err in concluding that Officer Keding unlawfully stopped respondent's vehicle?

## ANALYSIS

The officer here did not stop or otherwise temporarily seize respondent's car. The car was already stopped. "[I]t does not by itself constitute a seizure for an officer to simply walk up * * * to a driver sitting in an already stopped car." *State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn. 1980). In fact, it is a common practice for

police officers to walk up to cars stopped in the road, in winter, especially when their engines are running and the lights are on. There could be mechanical problems with the car or medical problems with the driver or passengers, or a variety of reasons justifying investigation.

The officer was thus in a lawful place and made observations consistent with respondent being under the influence. There is evidence showing Officer Keding had probable cause to arrest respondent for D.W.I., and respondent does not challenge the breath test result of .13. Since no constitutional or statutory violation occurred, the trial court erred in rescinding respondent's revocation.

## DECISION

The order of the trial court rescinding respondent's revocation is reversed.

Reversed.