**STATE of Minnesota, Respondent,**

**v.**

**Frederick Charles QUAST, Appellant.**

**No. C2-85-1184.**

Court of Appeals of Minnesota.

Feb. 4, 1986.
Review Denied March 14, 1986.

Hubert H. Humphrey, III, Attorney General, State of Minnesota, Thomas Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, MN State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Frederick Quast appeals his convictions for second degree burglary and possession of burglary tools in violation of Minn.Stat. §§ 609.582, subd. 2(a) and (d), and 609.59 (1984). Quast contends that the evidence was insufficient to convict him, that he was denied a fair trial, and that there were compelling reasons for a sentencing departure. We affirm.

## FACTS

On November 30, 1984, two police officers observed appellant and his accomplice enter an apartment building. Over the next few minutes, both men exited the building, with appellant carrying his jacket. As they drove away, their car was stopped by the officers. When appellant was removed from the car, he volunteered, "Why are you guys bothering me? I don't do burglaries anymore, I'm clean." The officers found a lock pick handle and seven lock picks in the car. A search of appellant's jacket revealed 50 quarters. Returning to the apartment, the officers found pry marks on the lock and no money in the coin-operated washer or dryer in the basement.

At trial, appellant's witness testified that appellant was sent out that morning to get boxes for moving, that their communal "piggy bank" contained $15 to $20 the night before, and that the bank was empty the next day. Appellant's co-defendant testified that all the tools in the car belonged to him, although he had previously told the police that the tools did not belong to him. Appellant's brother also testified that he had bought a new lock pick that morning.

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction?

2. Did the trial court abuse its discretion in not departing durationally from the presumptive sentence?

## ANALYSIS

1. In reviewing the sufficiency of evidence, this court is to view the evidence in the light most favorable to the verdict and assume that the jury disbelieved any testimony which conflicts with the result. *State v. Daniels*, 361 N.W.2d 819, 826 (Minn.1985). The jury is in the best position to weigh circumstantial evidence and we must give deference to its verdict. *State v. Spurgin*, 358 N.W.2d 648, 651 (Minn.1984).

Appellant contends that the State failed to prove the elements of intent and nonconsensual entry. This contention is without merit.

The chain of circumstantial evidence which the jury believed is set forth above. The jury could reasonably infer the requisite intent for burglary from the lock picks found in the car and the 50 quarters found in appellant's jacket. Further, from the suspicious manner of entering the building and the pry marks on the security door, the jury could reasonably infer a nonconsensual entry.

As to the conviction for possessing the burglary tools, the State had the burden of proving that at the time of the arrest, appellant consciously exercised dominion and control over the tools. *State v. Willis*, 320 N.W.2d 726, 728–29 (Minn. 1982). Considering all the circumstantial evidence, including appellant's furtive movements when the police approached the car and the location of the tools next to where he had been sitting, we are satisfied that the State established this beyond a reasonable doubt.

Appellant also contends that he was denied a fair trial, arguing that the stop of the car was illegal, evidence of his prior record was improperly admitted, certain elements of the crimes were erroneously withdrawn from the jury, and that the State misstated the burden of proof in its closing argument. We have considered all these issues, and disagree with all of appellant's contentions. With regard to the stop of the car, the police officers had a particu-

larized and objective basis for suspecting that appellant was involved in criminal activity. The three officers involved in the stop had 53 years of police experience between them, were aware of appellant's prior criminal record, and had information that appellant was actively committing burglaries of laundry machines in apartment buildings. They observed appellant enter the building wearing his jacket after looking around the area, split away from his accomplice with the accomplice exiting the building and starting the car, and leave the building by a different door carrying his jacket and again looking around the area.

■ 2. Ordinarily, a reviewing court will not interfere with a sentence that falls within the presumptive sentence range even if there are grounds that would justify departure. *State v. Abeyta*, 336 N.W.2d 264, 265 (Minn.1983). Here, there were no substantial and compelling reasons requiring departure; this is not the "rare case" described in *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

### DECISION

The trial court is affirmed.