**STATE of Minnesota, Appellant,**

v.

**Karen C. KRECH, Respondent.**

**No. C7–85–2332.**

Court of Appeals of Minnesota.

Feb. 25, 1986.

Hubert H. Humphrey, III, Atty. Gen., Richard Meyers, St. Paul, for appellant.

John A. Warchol, St. Paul, for respondent.

Considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

### SUMMARY OPINION

PARKER, Judge.

### FACTS

Minnesota State Trooper A. Wehmeyer observed a car drive into a Mounds View shopping center parking lot around 2 a.m. on July 27, 1985, and park near a large

sign. No one entered or exited the car. A Mounds View police officer was radioed. Wehmeyer saw the vehicle's dome light come on several times and observed activity inside the vehicle.

The Mounds View police officer arrived, and both officers approached the vehicle on foot. They illuminated the inside of the car with their flashlights and saw Krech behind the wheel, holding a can of beer. The keys were in the ignition.

The officers questioned Krech and noted that she had a strong odor of alcohol on her breath and her speech was slurred. Krech performed poorly in field sobriety tests and failed a preliminary breath test. Krech was arrested, and a subsequent breath test revealed a blood alcohol concentration of .16. She was charged with DWI and open bottle.

At a pretrial hearing the trial court found the officers lacked reasonable suspicion to "stop" the vehicle and suppressed all evidence resulting from the stop. The State appeals.

### DECISION

■ A seizure under the fourth amendment does not occur when an officer simply walks up and talks to a driver sitting in an already-stopped car. *State v. Vohnoutka,* 292 N.W.2d 756 (Minn.1980); *Blank v. Commissioner of Public Safety,* 358 N.W.2d 441 (Minn.Ct.App.1984). Here, Krech had already parked her car before the officers approached. The officers, "like any other citizen[s], had a right to look into the car." *State v. Harlan,* 301 N.W.2d 717, 720 (Iowa 1981).

■ The officers' use of flashlights to illuminate Krech's car was also permissible because the officers' visual check was made from a lawful vantage point. *Vohnoutka; State v. Landon,* 256 N.W.2d 89 (Minn.1977). When the officers saw Krech behind the wheel holding a can of beer, they possessed probable cause to believe an open bottle violation had occurred. These facts, together with the officers' subsequent observations of Krech, justified their investigation of a potential DWI violation.

The order suppressing evidence on the basis of an improper stop is therefore reversed, and the case is remanded for trial.

Reversed and remanded.