**STATE of Minnesota, CITY OF ST. PETER, Respondent,**

v.

**Steven Raymond PLUT, Appellant.**

No. C3-86-1205.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas G. Dunnwald, Gregory J. Woods, Asst. City Attys., St. Peter, for respondent.

Paul A.R. Mason, Le Center, for appellant.

Considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Steven Raymond Plut appeals his conviction of driving while under the influence of alcohol. The trial court denied his motion to suppress certain evidence which Plut contends should have been granted because the stop leading to his arrest was illegal. We affirm.

## FACTS

At 12:08 a.m. on March 11, 1986, Officer David Mattson of the St. Peter Police Department was on routine patrol in downtown St. Peter when he received a call from the police dispatcher about a disturbance at a local fast-food restaurant. An employee at the restaurant had called the police, asking them to remove some young men who were causing problems there. When Mattson arrived, the men had already left in a car whose description and license number the dispatcher had given to Mattson. While another officer went inside the restaurant to investigate, Mattson drove around looking for the car. Not finding it, Mattson resumed his normal patrol.

At 12:15 a.m., Mattson saw the car drive to a nearby store and stop. Mattson immediately drove to the store and found the car's license number matched the one he had been given earlier. The car was parked with its motor running. A young man, later identified as appellant, was sitting in the driver's seat, while the other occupants had gone into the store. Mattson approached appellant to discuss the incident at the restaurant. From the record, it appears that Mattson first asked appellant to step outside his car, and then asked for identification. When appellant opened the door, Mattson smelled alcohol and then noticed appellant's eyes were bloodshot and watery. Appellant told the officer he was eighteen, and when asked, he admitted drinking a few beers.

Mattson administered a field sobriety test, which appellant could not perform. Appellant also failed a portable breath test and then consented to an Intoxilyzer breath test, the results of which showed he had a .15 blood alcohol content. He was charged with driving while under the influence of alcohol.

Appellant pleaded not guilty and moved to suppress all the evidence, alleging that the initial police stop was illegal. The trial court denied the motion, explaining that appellant was already stopped when the officer approached him. Appellant was subsequently convicted.

## ISSUE

Did the trial court err in denying the motion to suppress evidence because the police stop was illegal?

## ANALYSIS

 A seizure under the fourth amendment does not occur when an officer simply walks up and talks to a driver sitting in an already stopped car. *State v. Vohnoutka,* 292 N.W.2d 756, 757 (Minn.1980); *Blank v. Commissioner of Public Safety,* 358 N.W.2d 441, 442 (Minn.Ct.App.1984).

 Appellant's attempt to characterize this case as an invalid car stop is without merit. Appellant drove to the store and parked there of his own volition. Mattson approached the car only after it was already parked, with the motor still running, and the other passengers having gone into the store. Regardless of whether the motor is running, an officer does not stop or temporarily seize a car when the car was voluntarily stopped by the driver. *E.g., Blank,* 358 N.W.2d 441 (no seizure where police approached a car parked on a roadway with its motor running). Moreover, Mattson had a legitimate reason for being there. He wanted to discuss the disturbance that had occurred only minutes earlier at the restaurant.

Appellant was sitting in the driver's seat when Mattson approached and asked him to step out of the car. As he was complying with the request, Mattson smelled beer and then noticed his bloodshot and watery eyes. Appellant performed poorly in a field sobriety test and failed a portable breath test. He was then arrested for DWI.

The question here is whether Mattson was justified in asking appellant to step out of his car before he noticed any indicia of drinking. The trial court found that appellant's limited detention was reasonable because the officer wanted to discuss the incident at the restaurant. We agree with the trial court.

"[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 383 (1968). To justify such an intrusion, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21, 88 S.Ct. at 1880. Here, Mattson saw no criminal activity. Asking appellant to step out of the car, however, was not "the product of mere whim, caprice, or idle curiosity," *see State v. McKinley,* 305 Minn. 297, 304, 232 N.W.2d 906, 911 (1975) (quoting *People v. Ingle,* 36 N.Y.2d 413, 420, 330 N.E.2d 39, 44, 369 N.Y.S.2d 67, 74 (1975)), but was an act contemporaneous with Mattson's investigation of the disturbance at the restaurant. He had specific facts which led him to believe that the individuals in the car were responsible for the disturbance. The facts here, and the reasonable inferences therefrom, justify the intrusion.

## DECISION

The trial court did not err in denying appellant's motion to suppress. Appellant's conviction is affirmed.

Affirmed.