PATTERSON, Judge.
Appellant, Phillip Dale Watson, was convicted, after a jury trial, of possession of marijuana and lysergic acid diethylamide (LSD), in violation of § 20-2-70, Code of Alabama 1975, and was sentenced to 42 months’ imprisonment, fined $1,000, and ordered to pay court costs. He appeals, raising one issue. He contends that the trial court erred in failing to suppress evidence that he argues was allegedly unlawfully seized. He argues that the search and seizure of the contraband upon which his conviction was based were unreasonable and contrary to the provisions of the Fourth Amendment. The alleged error has been properly preserved for review.
The record reflects that around 9:30 p.m., on April 25, 1986, Patrolman Jeff Hughes of the Red Bay Police Department was on routine patrol in a police car within the corporate limits of that city. While patrol-ing, he met a vehicle traveling in the opposite direction, and the driver of the oncoming vehicle failed to dim its headlights. Hughes turned around, turned on his blue light, and stopped the vehicle. Hughes approached the vehicle on the driver’s side and asked the driver for his driver’s license, telling him that he was stopping him for failing to dim his vehicle’s headlights. There were three people in the automobile, all sitting in the front seat. Appellant was a passenger and was sitting in the middle. The driver, Randall Scott, gave the officer his driver’s license and stepped out of the vehicle. The officer smelled alcohol on Scott’s breath and asked him how much he had had to drink. The officer shined his flashlight into the vehicle on the driver’s side to check for weapons and saw none. He placed Scott under arrest for failing to dim his headlights, put him in the police car, and told him that he was going to take him to the police station and give him a chemical test for intoxication. It was a policy of the city to give a citation or warning to a driver failing to dim his vehicle’s headlights when required.
*738 Hughes then approached the vehicle on the passenger side to ascertain who owned the vehicle and to check for weapons and evidence of alcoholic beverages. While talking with appellant and the other passenger, he shined his flashlight into the front seat of the vehicle from the passenger’s side and observed, on the floorboard on the passenger’s side, a clear plastic bag containing a green leafy substance. From his experience and training as a law enforcement officer, he concluded that the substance was marijuana. He asked the occupants of the vehicle to hand him the bag. They did not respond. He ordered them out of the vehicle and reached in and retrieved the bag. Upon further examination of the bag and its contents, including smelling, Hughes confirmed his belief that the substance was marijuana. He asked them who the bag belonged to, but he received no reply. He then arrested appellant and the other passenger for possession of marijuana and, also, charged the driver with the same offense. Hughes then searched appellant and the other passenger. While searching appellant’s person, Hughes discovered another plastic bag containing what was later determined to be marijuana and a glass vial containing pills which were later identified as lysergic acid diethylamide (LSD). After the arrests and body searches were completed, Hughes searched the vehicle for further evidence of contraband and transported all three suspects to the police department.
.Appellant did not take the stand or adduce evidence or testimony in his behalf.
In the instant case, the officer detained the driver of the automobile for a traffic violation committed in his presence. The failure of the driver to lower the beam of his vehicle’s headlights when approaching the police vehicle constituted a misdemeanor violation. Ala.Code (1975), § 32-5-242(c)(1); § 32-5A-8. The detention of the driver under these circumstances was authorized. Ala.Code (1975), § 15-10-3. Alabama law authorizes a police officer to arrest, without a warrant, any person seen committing a violation of the traffic regulations or rules of the road. It is undisputed here that at the time the officer decided to stop appellant, appellant had violated the rule requiring the lowering of the headlight beam when approaching another vehicle at night.
While performing his duties in this regard, the officer smelled alcohol on the breath of the driver and suspected that he had been driving under the influence of alcohol. Acting on this suspicion, he went to the passenger’s side of the vehicle and shined his flashlight in to look for more evidence of appellant’s use of alcohol. Arrest for a traffic offense does not, without more, permit a probing, exploratory police search of an automobile for evidence of unrelated offenses and does not permit personal search of the occupants. United States v. Humphrey, 409 F.2d 1055 (10th Cir.1969); Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir.1968); overruled in part on other ground, United States v. Causey, 834 F.2d 1179 (5th Cir.1987). However, the Fourth Amendment does not require the officer to close his eyes to obvious criminal activity. A police officer who approaches a traffic violator seated in an automobile, to advise him of the reason for his detention and to request the operator’s driver’s license is not required to look the other way to avoid seeing contraband in the automobile in plain view. There is little difference in the situation where the driver dismounts from the automobile and the officer walks back to the side of the vehicle. Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).
“There are circumstances, of course, in which the plain view is obtained without any prior entry or opening of the vehicle. One situation ... is when the car itself is in plain view and it is subject to seizure as evidence of a crime or as an object subject to forfeiture. Another is when incriminating objects may be seen inside the vehicle by merely standing near it. *739 In the latter situation, Coolidge instructs, the question is whether the officer had a ‘legitimate reason for being present’ in the precise location where he made the observation. If the officer first stopped the car, this of course requires a determination as to the lawfulness of the stopping, but if the vehicle is parked on a public street or parking lot, then there is no doubt but that the officer may stand by and look into the vehicle just as any member of the public might.” (Footnotes omitted.)
3 W. LaFave, Search and Seizure § 7.5(a) (2d ed. 1987). See also Smith v. Slayton, 484 F.2d 1188 (4th Cir.1973), cert. denied, 415 U.S. 924, 94 S.Ct. 1429, 39 L.Ed.2d 481 (1974); State v. Bell, 62 Wis.2d 534, 215 N.W.2d 535 (1974).
It is clear from the facts of the instant case that the arrest for the traffic violation was not a mere excuse to search the vehicle. The surrounding circumstances justified the arresting officer in suspecting that he was dealing with a situation more serious than a routine traffic infraction. Due to the odor of alcohol emanating from appellant, the officer had reasonable grounds for believing that the vehicle contained evidence of alcohol. The circumstances justified further investigation. Having stopped the vehicle properly, he may act upon the basis of what he observes during the confrontation. If the encounter takes place at night, the defendant cannot object because the officer shines a flashlight into the car’s interior and, in the process, sees contraband. Williams v. United States, 404 F.2d 493 (5th Cir.1968). The officer had a legitimate reason for going back to the vehicle and shining his flashlight into it in order to see if there was evidence of alcohol. Such action did not constitute an impermissible exploratory police search. The officer was rightfully positioned to see the marijuana in plain view, and his observation of it through the window of the automobile was not a search within the meaning of the Fourth Amendment. See State v. Shevchuck, 291 Minn. 365, 191 N.W.2d 557 (1971); Thompson v. State, 398 S.W.2d 942 (Tex.Cr.App.1966).
Since the two passengers were still in the vehicle, the officer was justified in, not only checking for any alcoholic beverages in plain view, but also checking for weapons for his protection. It was at this time that he observed in plain view the plastic bag containing what he suspected, and what was later determined, to be marijuana. This observation was not the result of a search, but falls within the plain view doctrine. At that time, the officer, by his prior experience of recognizing marijuana, had probable cause to believe a crime was being committed in his presence and had the right and duty to seize the package of marijauana and to make an arrest. The seizure of such contraband from the car, under the circumstances presented here, is not unreasonable and, therefore, does not violate the constitutional prohibition against unreasonable searches and seizures. The marijuana and lysergic acid diethylamide (LSD) found on appellant’s person were the product of a search, but a search incident to a lawful arrest. The search of the automobile occurring after the arrest was also incident to a lawful arrest.
Under the facts of this case, it was not error to deny appellant’s motion to suppress and to admit into evidence the contraband found on the floor of the automobile, as well as that found on his person.
We find no error. The judgment of conviction is due to be, and it is hereby, affirmed.
AFFIRMED.
TYSON, TAYLOR and McMILLAN, JJ., concur.
BOWEN, J., concurs in result only.