## STATE v. KEVIN WICKLUND.

205 N. W. 2d 509.

March 9, 1973—No. 43570.

*Warren Spannaus,* Attorney General, *Elton A. Kuderer,* County Attorney, and *David McKenna,* Assistant County Attorney, for appellant.

*C. Paul Jones,* State Public Defender, and *Doris O. Huspeni,* Assistant State Public Defender, for respondent.

PER CURIAM.

This is an appeal by the state pursuant to Minn. St. 632.11, subd. 1(3), from the district court's order suppressing certain evidence necessary to continue prosecution of defendant for possession of a small amount of marijuana in violation of Minn. St.

152.09, subd. 1 (2). The issue is whether the arresting officers violated defendant's Fourth Amendment rights in searching him and seizing this evidence. Because the district court had not made any findings of fact, we were unable to decide this issue and we therefore remanded the case for findings.[1] After considering these findings, we conclude that the district court erred in suppressing the evidence and we reverse.

On September 5, 1971, at approximately 12:30 a. m., Officers Larry Willard and Glenn Olson of the Fairmont Police Department while on routine patrol observed a slowly moving automobile containing three young people in the front seat and one in the back. Because one of the passengers in the front seat, a female, appeared to be either "slouched down" or very young, the officers, thinking that there might be a curfew violation, began to follow the automobile. As they began following, they observed that in addition to being driven slowly the automobile was being driven somewhat erratically. Before turning on their red beacon to signal the driver to stop, they shined their spotlights on the automobile and immediately observed defendant, seated alone in the back seat, making furtive motions, as though he were attempting to hide something.

As the officers walked towards the stopped automobile, Willard to the left door and Olson to the right, the driver rolled down his window and Officer Willard immediately detected an odor emanating from the vehicle which he concluded on the basis of his training and experience was the odor of burned marijuana. Contemporaneously, Officer Olson, on the other side, shined his flashlight into the back seat, observed a cardboard beer case, opened the door and, as he did so, also smelled an odor which he concluded on the basis of his training and experience was the odor of burned marijuana. Immediately Olson ordered defendant to keep his hands raised and then proceeded to search him, finding first a small plastic bag containing marijuana and later other

---

[1] State v. Wicklund, 295 Minn. 402, 201 N. W. 2d 147 (1972).

evidence including cigarette papers and a homemade pipe which smelled of burned marijuana.

On these facts we have no difficulty in concluding that the officers did not violate defendant's Fourth Amendment rights. The officers had a right to stop the automobile in order to investigate the possible curfew violation and the cause of the slow, erratic driving. State v. Ellanson, 293 Minn. 490, 198 N. W. 2d 136 (1972); State v. Fish, 280 Minn. 163, 159 N. W. 2d 786 (1968). Of course, when they first stopped the automobile they did not have probable cause to search. State v. Gannaway, 291 Minn. 391, 191 N. W. 2d 555 (1971); State v. Shevchuk, 291 Minn. 365, 191 N. W. 2d 557 (1971). But just as the Fourth Amendment does not require law-enforcement officers in such a situation to close their eyes lest they see, in plain sight, evidence of criminal conduct, State v. Shevchuk, *supra,* neither does it require them to avoid using their other senses. Here, both the officers smelled an odor which their professional training and experience told them was the odor of burned marijuana.[2] This, in our view, gave the officers probable cause to believe that one or more of the occupants of the automobile had smoked marijuana in violation of the law. Beyond this, the officers had observed defendant moments earlier making furtive movements, as if he were trying to hide something. The officers were therefore clearly justified in searching defendant.

Our decision is in accord with those of other courts under similar circumstances. See, e. g., State v. Binns (N. D.) 194 N. W. 2d 756 (1972); State v. Devine (Ore. App.) 496 P. 2d 51 (1972).

Reversed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] Significantly, at the hearing on the motion to suppress, defendant admitted that marijuana has a distinctive odor and did not challenge the officer's ability to detect that odor.