## CITY OF ST. PAUL v. KIRK MOODY.

244 N. W. 2d 43.

June 4, 1976—No. 46007.

*Michael DeCourcy*, for appellant.

*Pierre N. Regnier*, City Attorney, and *Thomas R. Hughes* and *Beryl A. Nord*, Assistant City Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty in St. Paul municipal court of illegal possession of a firearm, St. Paul Legislative Code, § 425.03[1] and was sentenced to 30 days in the workhouse, with 20 days of this suspended conditionally. The sentence has been stayed pending this appeal from judgment of conviction. The sole issue on appeal is whether the police violated defendant's Fourth Amendment rights in searching the automobile in which defendant was a passenger and in seizing the gun discovered during this search. We hold that the police did not violate defendant's rights and, therefore, affirm.

In response to a call from a citizen about suspicious behavior of some people in a car, St. Paul police drove to the location provided. As they approached this location they were met by the caller, who pointed out the nearby car of which he had complained. The car was parked illegally, the windows were heavily fogged, and there were four young people in the car, including defendant. Attempting to determine what was going on, one of the officers knocked on the window, and the driver opened the door. As soon as the door opened the officer detected a strong odor of paint fumes emanating from the interior of the car. Suspecting that the occupants had been paint sniffing, the officer entered the car to search for evidence of this offense. During this visual search he found a can of spray paint and a number of plastic bags with wet spray paint on the inside of them. In the back seat he observed a gun within a few inches of defendant. It was for the illegal possession of this gun that defendant was convicted.

---

[1] Defendant was also charged with inhaling a chemical substance, St. Paul Legislative Code, § 285.01, but that charge was dismissed.

Urging that admission of this gun was erroneous, defendant challenges the legality of the intrusion which resulted in the discovery of the gun. Rejecting his claim, we hold (1) that the police had a sufficient basis for the minimal intrusion occasioned by their knocking on the door of the car, State v. Barber, 308 Minn. 204, 241 N. W. 2d 476 (1976), (2) that the strong odor of paint fumes gave the police probable cause to believe that the occupants had been paint sniffing and justified their search for evidence of this offense, State v. Wicklund, 295 Minn. 402, 205 N. W. 2d 509 (1973), and (3) that the seizure of the gun, discovered in plain sight during this search, was proper.

Affirmed.