**STATE of Minnesota, Appellant,**

v.

**Donald Leo HODGMAN, Respondent.**

No. 47448.

Supreme Court of Minnesota.

July 22, 1977.

Warren Spannaus, Atty. Gen., St. Paul, Robert Johnson, Co. Atty., Edwin M. Wistrand, Asst. County Atty., Anoka, for appellant.

C. Paul Jones, Public Defender, Minneapolis, for respondent.

PER CURIAM.

This is an appeal by the state pursuant to Rule 29.03, Rules of Criminal Procedure, from a pretrial order of the district court suppressing evidence in a prosecution of defendant for unlawful possession of marijuana with intent to sell and unlawful possession of phencyclidine. The issue raised by the appeal is whether the district court erred in concluding that the police violated the Fourth Amendment in initiating the investigation which led to the discovery and seizure of the drugs and drug paraphernalia which the district court suppressed. We hold that the court erred in this and reverse that part of its order suppressing this evidence.[1]

The only witness at the omnibus hearing whose testimony related to the issue raised on appeal was Sergeant Thomas Kennedy of the Fridley Police Department. He testified that at 8:30 p. m. on November 9, 1976, while riding with a fellow officer on patrol of a residential area in which the police had been having trouble with young people, he saw a parked car containing four young people, one of whom, the driver, was staring out the window and appeared to be in a stupor. Explaining his decision to approach the car and investigate the situation, Kennedy testified as follows:

"Well, through my years of experience, very frequently when youngsters are parked alongside of the curb like this, they've either been drinking, smoking, using narcotics. There's a safety factor for the fact that they're sitting there with the car idling. They could be overcome by carbon monoxide, and if the driver indeed had been drinking or using narcotics, he violated several Minnesota Statutes pertaining to driving, minor consumption, et cetera, so I had a valid reason."

As Kennedy and his fellow officer walked up to the car, defendant driver opened his window. Kennedy immediately detected the odor of burned marijuana and seconds later, apparently after sticking his head partly through the open window, he saw in the ash tray on the driver's door a plastic pill bottle containing small paper folds. Knowing that that is how people carry narcotics, Kennedy seized this and opened it, finding what he thought was "speed." He then arrested defendant and the three teenage girls in the car and commenced a full search of the car, finding several bags of marijuana, a marijuana cigarette, a couple roach clips, a couple marijuana pipes, a drug scale, and a needle and syringe. Police later seized another roach clip from defendant's person and some drugs, including LSD, from the purses of 2 of the 3 girls.

The district court did not expressly find that Kennedy did not see what he testified he saw but found that Kennedy's ability to see through the window was seriously in doubt. The court apparently based this on the fact that in his police report Kennedy had stated that the windows were all steamed up. However, it is clear that in writing this Kennedy did not mean to imply that the windows were too fogged up to permit him to see into the car. In fact, nothing in the report suggested that he did not see what he testified he saw.

This case is distinguishable from *State v. Johnson*, Minn., 257 N.W.2d 308, filed herewith, in that Kennedy was able to articulate the observations which aroused his suspicions whereas in the Johnson case the officer was unable to say what aroused his suspicions. We believe that Kennedy's observations properly aroused his suspicions and justified the very limited intrusion which resulted in his smelling the burned marijuana. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v.*

---

1. The court also suppressed a statement defendant made to police the day after his arrest on the ground that the police unlawfully questioned defendant after he requested an attorney. The state does not challenge this ruling on appeal and therefore that part of the order is unaffected by our decision.

*McKinley*, 305 Minn. 297, 232 N.W.2d 906 (1975). Once he smelled the marijuana, Kennedy had probable cause to arrest defendant and conduct a full search of both defendant and the car. *State v. Wicklund*, 295 Minn. 403, 205 N.W.2d 509 (1973).

Reversed in part.