## STATE of Minnesota, Respondent,

v.

## James Richard SCHULTZ, Appellant.

### No. 48158.

Supreme Court of Minnesota.

Nov. 3, 1978.

Stewart R. Perry, Minneapolis, Guy E. Casey, II, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., Edwin Wistrand, Asst. County Atty., Anoka, for respondent.

PER CURIAM.

Defendant was charged with unlawful possession of an amount of marijuana in excess of 1.5 ounces and, after waiving a jury trial, was found guilty by the trial court on the basis of a stipulation of the facts. Defendant thereafter was sentenced

---

to 3 years in prison but execution of this sentence has been stayed pending the outcome of this appeal. The sole issue raised by defendant on appeal relates to whether the district court judge who presided at the omnibus hearing acted as a factfinder, as required by our decisions, and resolved the dispute in the evidence relating to defendant's motion to suppress on Fourth Amendment grounds. We affirm.

The disputed factual issue at the omnibus hearing in this case was whether the officer investigating a possible motor vehicle violation by defendant smelled the odor of marijuana emanating from the passenger compartment. If he did, then the officer properly conducted a warrantless search of the passenger compartment for marijuana pursuant to the so-called motor vehicle exception to the warrant requirement. *State v. Wicklund,* 295 Minn. 403, 205 N.W.2d 509 (1973). The officer claimed that standing by the driver's window he could smell the marijuana, which was wrapped in plastic bags inside grocery bags placed on the floor by the passenger's feet. Defendant, while admitting that one could smell the marijuana through the plastic bags and grocery bags if one got very close to them, denied that one could smell the marijuana from where the officer was standing. In other words, then, the issue at the omnibus hearing was whether the officer was telling the truth when he testified that he smelled marijuana. If he was not, then the evidence should have been suppressed.

As we have stressed in a number of cases, at a pretrial suppression hearing the trial court "acts as finder of facts, deciding for purposes of admissibility which evidence to believe and whether the state has met its burden of proof." *State v. LaFrance,* 302 Minn. 245, 246, 223 N.W.2d 813, 814 (1974). In this case the trial court made a statement which indicated that he did not believe it was his function at the omnibus hearing to act as a factfinder on the disputed issue. If the court actually had believed this and not resolved the dispute, we would have to remand for findings. *State v. Wicklund,* 295 Minn. 403, 205

N.W.2d 509 (1973). However, the court in fact issued formal written findings which did resolve this dispute, and we will not go behind those findings, as defendant would have us do.

Affirmed.