**STATE of Minnesota, Appellant,**

v.

**Gary Lee ARMSTRONG, Respondent.**

**No. 51072.**

Supreme Court of Minnesota.

April 3, 1980.

Warren Spannaus, Atty. Gen., St. Paul, R. T. Rodenberg, County Atty., Clark A. Tuttle, III, Asst. County Atty., New Ulm, for appellant.

C. Paul Jones, Public Defender, and Robert Goodell, Asst. Public Defender, Minneapolis, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to R. 29.03, subd. 1, R.Crim.P., from an order of the district court suppressing evidence in a criminal prosecution. The issue raised by the state is whether the district court erred in concluding that the police violated defendant's Fourth Amendment rights in obtaining the evidence in question. We remand for rehearing.

The district court concluded that defendant's custodial arrest for the petty misde-

meanor of possessing a small amount of marijuana was illegal and that under *State v. Martin,* 253 N.W.2d 404 (Minn.1977), the arresting officer could not justify his search of the defendant's car as being incident to a lawful arrest. Our examination of the record suggests that the district court may have been correct in its conclusion but that the search of the car was justified by the motor vehicle exception to the warrant requirement. *State v. Johnson,* 277 N.W.2d 346 (Minn.1979); *State v. Schultz,* 271 N.W.2d 836 (Minn.1978); *City of St. Paul v. Moody,* 309 Minn. 104, 244 N.W.2d 43 (1976); *State v. Wicklund,* 295 Minn. 403, 205 N.W.2d 509 (1973). However, the prosecutor, while relying on this theory on appeal, apparently did not clearly present this alternative to the district court. Accordingly, we remand for rehearing, at which the district court will be given the opportunity to rule on this issue.

Remanded for rehearing.