**STATE of Minnesota, Appellant,**

**v.**

**Terrence Jon VEIGEL, Respondent.**

**No. 81–330.**

Supreme Court of Minnesota.

April 28, 1981.

Warren Spannaus, Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Jerold Lucas, Asst. County Atty., St. Peter, for appellant.

Roger Hippert, New Ulm, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state, pursuant to Minn.R.Crim.P. 29.03, from an order of the district court suppressing evidence in a criminal prosecution. The issue raised by the state is whether the district court erred in concluding that a deputy sheriff violated defendant's fourth amendment rights in conducting a warrantless search of the glove compartment of defendant's automobile. We reverse and remand for trial.

While on patrol in western Nicollet County a deputy sheriff, accompanied by a reserve officer, came upon an abandoned motor vehicle which had been involved in an accident on a single-lane dirt road. Shortly after the occupants of the vehicle returned in another vehicle, which blocked use of the road from either direction, defendant and three others drove up behind the deputy's vehicle. While informing defendant and the other three that they would have to wait a few minutes to get by, the reserve officer smelled the odor of alcohol emanating from the vehicle and observed, in open view, an open beer bottle. While conducting a lawful search of the passenger compartment for other evidence of the open-bottle violation, the deputy found a balance beam scale, a roach clip and a pipe which smelled of burned marijuana. The deputy then sought to open the glove compartment but found that it was locked. The vehicle was later towed and the glove compartment searched, without a warrant, at the station.

The district court ruled that motor-vehicle exception to the warrant requirement had no application and distinguished this case from *State v. Ellanson*, 293 Minn. 490, 198 N.W.2d 136 (1972) (upholding search of glove compartment for evidence of open-bottle violation) on the ground that the glove compartment in this case was locked whereas the glove compartment in the *Ellanson* case was unlocked.

We need not decide whether the fact that the glove compartment was locked significantly lessened the probability that the glove compartment contained an open bottle because we believe that the deputy had

probable cause to believe that the vehicle contained controlled substances and that therefore a warrantless search was valid under the motor-vehicle exception. *State v. Armstrong*, 291 N.W.2d 918 (Minn.1980); *State v. Johnson*, 277 N.W.2d 346 (Minn. 1979); *State v. Schultz*, 271 N.W.2d 836 (Minn.1978); *City of St. Paul v. Moody*, 309 Minn. 104, 244 N.W.2d 43 (1976); *State v. Wicklund*, 295 Minn. 403, 205 N.W.2d 509 (1973). *Arkansas v. Sanders*, 422 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979)—which applied *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), to warrantless searches of luggage seized from automobiles—explicitly limits the *Chadwick* rule to items such as luggage found within an automobile and excludes from the rule searches of the vehicle itself or "some integral part of the automobile," such as a glove compartment or trunk. 422 U.S. at 763, 99 S.Ct. at 2593. Under *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), if the deputy could search the glove compartment at the scene without first obtaining a warrant, then he constitutionally could do so later at the station without first obtaining a warrant. We need not decide whether the search was justified on the theory of probable cause to search for evidence of the open-bottle violation since there was objective probable cause to search for controlled substances. *Scott v. United States*, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978).

Reversed and remanded.

Defendant is awarded attorneys fees in the amount of $400 pursuant to Minn.R. Crim.P. 29.03, subd. 2(8).