**STATE of Minnesota, Respondent,**

v.

**Danny ORTEGA, Appellant.**

**No. A07–0022.**

Court of Appeals of Minnesota.

June 3, 2008.

Lori Swanson, Attorney General, Tibor M. Gallo, Assistant Attorney General, St. Paul, MN; and Ross E. Arneson, Blue Earth County Attorney, Mankato, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Theodora Gaïtas, Assistant Public Defender, Leslie J. Rosenberg, Assistant Public Defender, St. Paul, MN; and Timothy Mulrooney, Special Assistant Public Defender, Wesley T. Graham, Henson & Efron, P.A., Minneapolis, MN, for appellant.

Considered and decided by JOHNSON, Presiding Judge; LANSING, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.

Police arrested Danny Ortega following a routine traffic stop of the car in which he was traveling as a passenger when a search revealed cocaine and marijuana. Ortega moved the district court to suppress evidence of his cocaine possession, arguing that the officer did not have reasonable suspicion to search him based on the knowledge that he possessed an amount of marijuana sufficient to support only a petty-misdemeanor offense. The district court denied the motion and found Ortega guilty of fifth-degree possession of a controlled substance. We affirm the conviction because police have probable cause to search the occupants of a vehicle for drugs upon knowledge that even a noncriminal amount of marijuana is or was recently present in the vehicle.

## FACTS

Appellant Danny Ortega was a passenger in a car driven by friend Lorna Sorg on August 7, 2004, when Trooper Chad Mills stopped the car for speeding and for lacking a front license plate. Mills approached. He smelled burnt marijuana emanating from the passenger compartment and noticed that Sorg appeared to be nervous. Mills learned that Sorg was not the registered owner of the vehicle and that the license plate was assigned for a car dealer's use to move the vehicle, not for general transportation. Sorg told Mills that her ex-husband had put the transit plate on the car and that she planned to register it the following week.

Mills asked Sorg about drug use in the vehicle, and Sorg denied there had been any. When Mills asked her specifically about marijuana use, however, she was silent. Mills asked Sorg for consent to search the car and she gave it. Mills walked around to the passenger side where Ortega sat, and he again smelled burnt marijuana. He asked Ortega out of the vehicle, and he conducted a protective, pat-down search of Ortega. Mills asked Ortega if he had any weapons, and Ortega handed Mills a folded pocket knife and a small amount of marijuana.

Mills searched the vehicle, aided by Rex, his canine partner. Rex alerted on the driver's side door, so Mills opened it and placed Rex inside. Rex then alerted on the center console and on Ortega's seat. Mills searched the console and discovered

a rolled-up dollar bill that was powdered with white residue, which field-tested to be cocaine. Mills arrested Sorg and searched Ortega more thoroughly. He found a folded dollar bill containing cocaine in Ortega's back pocket. The state charged Ortega with fifth-degree possession of a controlled substance.

Before trial, Ortega moved to suppress the cocaine evidence. After a contested omnibus hearing, the district court determined that the stop, the vehicle search, and the personal search of Ortega were lawful. Ortega waived his right to a jury trial and stipulated to certain facts for a bench trial pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980). The district court found him guilty. Ortega appeals his conviction, contending that the vehicle and personal search were unlawful.

## ISSUE

Did the search of Ortega's person violate his constitutional rights?

## ANALYSIS

■ Ortega challenges the district court's determination that Trooper Mills had a legal basis to expand the scope of the traffic stop to search the car and Ortega. The United States and Minnesota Constitutions guarantee individuals the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. If a search is unreasonable, evidence seized during the search must be suppressed. *State v. Walker*, 584 N.W.2d 763, 766 (Minn.1998). We review denial of a pretrial motion to suppress evidence by considering the facts to determine whether, as a matter of law, the district court erred in its decision not to suppress the evidence. *State v. Kouba*, 709 N.W.2d 299, 304 (Minn.App.2006). And we review de novo a district court's determination of the legality of a limited investigative stop. *State v. Britton*, 604 N.W.2d 84, 87 (Minn.2000). An investigative stop may last no longer than is necessary to effectuate the purpose of the stop, and it must relate to the circumstances under which the stop was initiated. *State v. Wiegand*, 645 N.W.2d 125, 135 (Minn.2002) (quotation omitted). An officer may expand a stop to investigate other suspected illegal activity if the officer has reasonable, articulable suspicion of the other activity. *Id.* Our supreme court has held that article I, section 10 of the Minnesota Constitution requires an officer to have that same level of suspicion to request consent to search a vehicle. *State v. Fort*, 660 N.W.2d 415, 419 (Minn. 2003).

■ Ortega first challenges the consent search of Sorg's vehicle as an expansion of the initial traffic stop that was unsupported by reasonable, articulable suspicion. Ortega's third-party challenge to the consent search of Sorg's vehicle may initially appear to raise a jurisdictional concern. But the United States Supreme Court has indicated that, in this context, the issue is not one of jurisdictional standing but whether a defendant had a reasonable expectation of privacy in the place searched. *Minnesota v. Carter*, 525 U.S. 83, 88–89, 119 S.Ct. 469, 472, 142 L.Ed.2d 373 (1998); *Rakas v. Illinois*, 439 U.S. 128, 139–40, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978). Because this is not a jurisdictional issue and because the state has not contended that Ortega lacked a reasonable expectation of privacy in Sorg's car, we do not address the issue.

■ Ortega does not dispute that the initial traffic stop was justified, and he admits that before Mills asked Sorg for consent to search the car, Mills had observed Sorg's nervous behavior and smelled the odor of burnt marijuana coming from within the car. Although ner-

vousness by itself does not justify asking for consent to search, *State v. Syhavong,* 661 N.W.2d at 278, 282 (Minn.App.2003), the odor of marijuana provides an officer with probable cause to suspect criminal activity. *State v. Wicklund,* 295 Minn. 403, 405, 205 N.W.2d 509, 511 (1973). We therefore conclude that the trooper's request for consent and search of Sorg's vehicle were lawful.

▮ Even without the incriminating evidence discovered during the vehicle search, Trooper Mills had independent, constitutionally valid justification to search Ortega. Historically, the odor of marijuana has been held to provide an officer also with probable cause to search the vehicle's occupants. *Wicklund,* 295 Minn. at 405, 205 N.W.2d at 511. Ortega contends that because he had given Mills only a small amount of marijuana during the unchallenged, cursory pat-down search and because the odor of marijuana does not necessarily establish that he possessed a criminal amount of marijuana, the trooper did not have probable cause to search Ortega further. This contention relies on the notion that a statutory change made after the supreme court decided *Wicklund* renders *Wicklund* inapplicable. That notion is wrong.

When the supreme court decided *Wicklund,* possession of any amount of marijuana was a criminal offense. *See* Minn.Stat. §§ 152.09, subd. 1(2), .15, subd. 2(4) (1971); *see also State v. Siirila,* 292 Minn. 1, 7, 193 N.W.2d 467, 472 (Minn.1971) (noting that the legislature, in its 1971 session, had determined that possession of even a small amount of marijuana was a crime). The legislature changed that in 1989, reducing possession of a small amount of marijuana to a petty misdemeanor. Minn.Stat. § 152.027, subd. 4 (Supp.1989); 1989 Minn. Laws ch. 290, art. 3, § 37, at 1612 (repealing prior statute); 1989 Minn.

Laws. ch. 290, art. 3, § 14, at 1602 (codifying new statutory change). Ortega contends that because a petty misdemeanor is not a crime, *see* Minnesota Statutes section 609.02, subd. 4a (2004), the trooper had no basis to suspect that he possessed a criminal quantity of drugs based only on the odor of marijuana and the noncriminal quantity disclosed.

But this court has rejected a similar argument after the statutory amendment took effect, holding that discovering even a petty-misdemeanor amount of marijuana provides probable cause to issue a warrant to search for more marijuana. *State v. McGrath,* 706 N.W.2d 532, 544 (Minn.App. 2005), *review denied* (Minn. Feb. 22, 2006). The probable-cause standard is merely a test to determine objective constitutional reasonableness, and regardless of the quantity of marijuana observed, the presence of any amount logically suggests that there may be more. Because this is so whether the method of observation is sight or smell, *Wicklund* remains undisturbed by the statutory change. We hold that Trooper Mills had probable cause to search Ortega for a criminally significant quantity of marijuana upon smelling the order of marijuana emanating from within the vehicle, and we also conclude that he had an independent basis for probable cause when Ortega later also handed Mills the small, noncriminal amount of marijuana from his pocket. The district court did not err by determining that the trooper's personal search of Ortega was constitutional and by denying his motion to suppress.

## DECISION

The district court appropriately denied Ortega's motion to suppress. The trooper had probable cause to search the vehicle. He also had probable cause to search Ortega's person independent of the evidence

discovered during the consent search of the vehicle because the trooper smelled the odor of marijuana emanating from the passenger compartment and, separately, because Ortega disclosed that he had some amount of marijuana, however small, on his person.

**Affirmed.**