*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1567**

State of Minnesota,
Respondent,

vs.

Logan Nicholas Clay,
Appellant.

**Filed June 29, 2015
Affirmed
Reyes, Judge**

Stearns County District Court
File No. 73CR132905

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Kyle R. Triggs, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Adam Goldfine, Tarshish Cody, P.L.C., Richfield, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Larkin, Judge; and Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

Appellant Logan Nicholas Clay challenges the district court's decision denying his motion to suppress evidence seized during a traffic stop and to dismiss the charges, arguing that the search was not supported by probable cause. We affirm.

## FACTS

On April 4, 2013, at around 7:00 p.m., Trooper Anthony Butler was on patrol on I-94 when he observed a vehicle that had an air freshener hanging from the rearview mirror. Based on this observation of a traffic violation, he turned on his emergency lights and conducted a traffic stop. Upon approaching the vehicle, he noticed that the driver's window was already rolled down. The trooper instead approached the passenger side of the vehicle, and the driver rolled down the passenger's window. Trooper Butler testified that he smelled an odor of marijuana coming from the vehicle. He explained why he initiated the traffic stop and requested the driver's license and proof of insurance. The driver quickly opened and closed the glove compartment. While it was open, the trooper noticed that there was an unlabeled prescription bottle in the compartment. Trooper Butler identified the driver from his Montana driver's license as appellant and the passenger as A.K.

Appellant was asked to step out of the vehicle and to return to the squad car for questioning. Appellant sat in the front seat of the squad car while Trooper Butler talked about the traffic violation and asked questions about appellant's travel plans. Appellant was informed that he would be able to leave afterwards. Trooper Butler testified that while they were seated in the squad car, he detected an odor of marijuana coming from appellant's person. He then asked appellant whether there was any marijuana in the vehicle. Appellant appeared nervous and denied having any marijuana.

The trooper informed appellant that he smelled an odor of marijuana coming from the vehicle earlier and inquired about the unlabeled prescription bottle in the glove

2

compartment. Trooper Butler told appellant that he would be searching the vehicle. At that time, appellant admitted that there were marijuana stems in the prescription bottle but that they were to help his dog fall asleep. Appellant asked whether a warrant was required to search his vehicle, and Trooper Butler responded that one was not required because of the odor of marijuana. Appellant elected to remain in the squad car while the trooper searched the vehicle.

A.K. was asked to step out of the vehicle during the search. After being questioned, A.K. admitted that appellant smoked marijuana a couple hours ago and that he had used rolling papers to smoke. Trooper Butler discovered a pack of Zig-Zag papers and some marijuana stems in the unlabeled prescription bottle. Trooper Butler also searched the trunk after he noticed that the odor of marijuana was stronger towards the rear of the vehicle. In the trunk, he discovered a locked ammunition case that contained a large bag of a substance that field-tested positive for marijuana. Appellant was placed under arrest and read his *Miranda* rights. Once at the police station, a bag containing 10.2 ounces (289.17 grams) of hallucinogenic mushrooms was discovered inside the large bag which also contained 3.3 ounces (93.55 grams) of marijuana.

Appellant was charged with second-degree possession of a controlled substance in violation of Minn. Stat. § 152.022, subd. 2(a)(3) (2012), for unlawfully possessing 50 grams or more of a mixture containing a hallucinogen, and fifth-degree possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2012), for possessing a large amount of marijuana. Appellant filed a motion to suppress the evidence and dismiss the charges, arguing that Trooper Butler's search was unlawful

3

because there was no probable cause to search appellant's vehicle.  Appellant then filed a second motion to suppress the statements he made to Trooper Butler while they were in the squad car, asserting that Trooper Butler elicited incriminating statements from him without first properly advising him of his *Miranda* rights.

Following an omnibus hearing, appellant's motion to suppress the evidence and dismiss the charges was denied.  The district court determined that Trooper Butler's questioning of appellant in the squad car was a lawful expansion of the initial traffic stop.  The district court also concluded that there was sufficient probable cause for Trooper Butler to search appellant's vehicle.  The district court did not make any express determination on the alleged *Miranda* violation raised by appellant in his motion.  Pursuant to Minn. R. Crim. P. 26.01, subd. 4, appellant waived his right to a trial and stipulated to the state's case to obtain review of the district court's pretrial ruling.  The district court found appellant guilty of both counts and sentenced him to a downward dispositional departure, whereby 48 months was stayed for 25 years.  This appeal followed.

## D E C I S I O N

When reviewing a district court's pretrial order on a motion to suppress evidence, "we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Jordan*, 742 N.W.2d 149, 152 (Minn. 2007).  A finding of fact is clearly erroneous if, after reviewing the record, this court "reaches the firm conviction that a mistake was made." *State v. Kvam*, 336 N.W.2d 525, 529 (Minn. 1983).  Legal findings subject to the de novo standard include

4

reasonable-suspicion and probable-cause determinations. *See In re Welfare of G.M.*, 560 N.W.2d 687, 690 (Minn. 1997).

Appellant argues that because his pre-*Miranda* confession to possessing marijuana was unlawfully obtained, there was no probable cause for the warrantless search of appellant's vehicle.[1] We are not persuaded. First, the district court did not rely on appellant's pre-*Miranda* statements in its determination. Second, appellant's argument is forfeited on appeal. During the contested omnibus hearing, appellant's counsel briefly mentioned that appellant was challenging the "pre-*Miranda*" statements made by appellant during the questioning in the squad car. At the conclusion of the hearing, both parties were allowed additional time to file written submissions to the district court on that issue. Appellant's submission did not include any arguments specifically relating to the *Miranda* issue. And a review of the district court's order reveals that it did not include an express ruling on that issue. We do not consider issues on appeal that have not first been presented to the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) ("This court generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure."). Thus, the only

---

[1] Appellant's brief states the first issue is whether "the trial court err[ed] in finding that Trooper Butler's questioning of [appellant] was a lawful expansion of the scope of the traffic stop." However, in the analysis, appellant appears to challenge Trooper Butler's questioning of appellant absent a *Miranda* advisory. Because appellant did not provide any legal analysis on whether the questioning in the squad car was an unlawful expansion of the scope of the traffic stop, we will not address that issue on appeal. *See State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (stating that we will not consider arguments lacking support or authority on appeal).

5

question before us is whether Trooper Butler had sufficient probable cause to search appellant's vehicle.

Both the federal and state constitutions protect citizens from "unreasonable searches and seizures" and provide that no warrant shall issue without a showing of probable cause. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A warrantless search is unreasonable unless it fits a recognized exception. *State v. Munson*, 594 N.W.2d 128, 135 (Minn. 1999). The search here was warrantless, so we consider whether an exception applies. Pursuant to the automobile exception to the Fourth Amendment, a warrantless search of a vehicle is reasonable if the officer has probable cause to believe that the vehicle contains evidence of contraband. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007); *see also State v. Ortega*, 749 N.W.2d 851 (Minn. App. 2008) (clarifying that probable cause is a test of reasonableness that applies regardless of the amount of marijuana that the vehicle's occupants actually possesses), *aff'd*, 770 N.W.2d 145 (Minn. 2009). The odor of marijuana provides an officer with probable cause to search a vehicle and its occupants without a warrant. *See State v. Schultz*, 271 N.W.2d 836, 837 (Minn. 1978); *see also State v. Pierce*, 347 N.W.2d 829, 833 (Minn. App. 1984) ("It has long been held that the detection of odors alone, which trained police officers can identify as being illicit, constitutes probable cause to search automobiles for further evidence of crime.").

"At a pretrial suppression hearing[,] the [district] court acts as finder of facts, deciding for purposes of admissibility which evidence to believe and whether the state has met its burden of proof." *Schultz*, 271 N.W.2d at 837 (quotation omitted). Here,

6

Trooper Butler testified that he smelled an odor of marijuana when he first approached appellant's vehicle. And the district court determined that this testimony was credible. *See State v. Klamar*, 823 N.W.2d 687, 691 (Minn. App. 2012) ("Deference must be given to the district court's credibility determinations."). The district court indicated that it reviewed the surveillance video of the traffic stop and that it could not conclude, based on the video, that the detection of the odor of marijuana by Trooper Butler was implausible. The district court acknowledged that although Trooper Butler stated he had a cold and "did audibly sneeze at least once," it did not support appellant's contention that Trooper Butler could not smell the odor of marijuana from the vehicle. Because the odor of marijuana alone provided sufficient probable cause for Trooper Butler to search appellant's vehicle, the search was lawful and the discovery of the controlled substances was also lawful pursuant to the automobile exception. *See Flowers*, 734 N.W.2d at 248.

**Affirmed.**