*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1423**

State of Minnesota,
Respondent,

vs.

Michael Jerald Mattison,
Appellant.

**Filed September 26, 2016
Affirmed
Reilly, Judge**

Mower County District Court
File No. 50-CR-14-1891

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kristen Nelsen, Mower County Attorney, Scott A. Hersey, Special Assistant County Attorney, Austin, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his conviction of first-degree controlled substance crime, arguing that the district court committed reversible error by refusing to suppress evidence

found in his vehicle during a traffic stop because (1) the police officer illegally expanded the scope of the traffic stop; (2) the officer lacked probable cause to believe there were controlled substances in the vehicle under the automobile exception to the warrant requirement; and (3) the search was not a valid search incident to arrest. Because the district court did not err in denying the motion to suppress, we affirm.

## FACTS

On August 5, 2014, at approximately 10:37 p.m., Austin Police Officer Walski initiated a traffic stop for a car with an illegal window tint. Appellant Michael Jerald Mattison owned the car and was seated in the passenger seat. Appellant's fiancée, Jami Weatherly, was driving the car. The officer observed that Weatherly was "chewing on her lips [and] on the inside of her lip," "appeared to be on the nod," had "constricted" pupils and half-closed eyes, and had sores on her face and arms. The officer also noticed the smell of marijuana coming from inside the vehicle. The officer performed a series of field sobriety tests on Weatherly and concluded that she failed or performed "very poorly" on these tests. Weatherly submitted to a preliminary breath test, which came back negative. Based upon his training and observations, the officer concluded that Weatherly was under the influence of a controlled substance and placed her under arrest. The officer performed a search of the vehicle because the "odor of marijuana coming from the vehicle" coupled with Weatherly's behavior led the officer to believe there was a controlled substance in the vehicle. The officer discovered a white substance in the center console which was later identified as 442.74 grams of methamphetamine. The state charged appellant with one count of first-degree controlled substance crime. Appellant moved to suppress the

2

evidence obtained from his vehicle at the time of his arrest and dismiss the complaint, which the district court denied. Appellant waived his right to a jury trial and opted for a stipulated-facts trial pursuant to Minn. R. Crim. P. 26.01, subd. 4. The district court found appellant guilty. This appeal follows.

## D E C I S I O N

Appellant challenges the district court's denial of his motion to suppress. When reviewing a pretrial order on a motion to suppress, we review the factual findings for clear error and the legal determinations de novo. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009).

## I.

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. An officer may conduct a limited investigatory stop if the officer has reasonable, articulable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968). To meet this standard, an officer must "show that the stop was not the product of mere whim, caprice or idle curiosity" but rather "was based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Pike*, 551 N.W.2d 919, 921-22 (Minn. 1996) (quoting *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880). The reasonable, articulable suspicion standard is met when the officer "observes unusual conduct that leads the officer to reasonably conclude in light of his or her experience that criminal activity may be afoot." *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (quoting *In re Welfare of G.M.*, 560 N.W.2d 687, 691 (Minn. 1997).

3

Appellant argues the police officer illegally expanded the scope of the traffic stop. An officer may expand a traffic stop if the incremental intrusion is tied to and justified by "(1) the original legitimate purpose of the stop, (2) independent probable cause, or (3) reasonableness, as defined in *Terry*." *State v. Askerooth*, 681 N.W.2d 353, 365 (Minn. 2004). Reasonable, articulable suspicion requires that an officer identify "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880.

Here, the officer stopped the vehicle for a window-tint violation. *See* Minn. Stat. § 169.71, subd. 4(a)(3) (2014) (prohibiting operation of a vehicle with tinted windows); *State v. George*, 557 N.W.2d 575, 578 (Minn. 1997) (noting that a traffic violation, however slight, provides an objective basis for conducting a traffic stop). The officer observed that Weatherly displayed multiple indicia of being under the influence of a controlled substance. Weatherly was "chewing on her lips on the inside of her lip," "appeared to be on the nod," and had half-closed eyes and constricted pupils. The officer also noticed the smell of marijuana coming from inside the vehicle. Indicia of being under the influence of a controlled substance provides a police officer with specific and articulable facts supporting the expansion of a stop. *See State v. Hegstrom*, 543 N.W.2d 698, 702 (Minn. App. 1996) (holding that "the observed symptoms of some type of intoxication, particularly the severely constricted pupils" established probable cause to believe driver was under the influence of a controlled substance); *LaBeau v. Comm'r of Pub. Safety*, 412 N.W.2d 777, 779-80 (Minn. App. 1987) (driver's bloodshot and watery eyes and odor of alcohol provided officer with reasonable articulable suspicion). The

4

circumstances of this case formed a reasonable basis for the officer to suspect that Weatherly was involved in illegal activity, beyond the reason for the initial traffic stop.

Appellant argues the officer did not spend enough time speaking with Weatherly during the traffic stop to reasonably form an impression that she was under the influence. Appellant fails to cite to any caselaw suggesting that a trained police officer cannot form an impression of a driver's impairment until a certain period of time has elapsed. Officer Walski has been employed as an officer for 14 years and is a Drug Abuse Recognition Officer trained to recognize people under the influence of a controlled substance. Police officers are entitled to rely on their training and experience to determine whether a particular factor supports a reasonable suspicion of criminal activity, *State v. Smith*, 814 N.W.2d 346, 352 (Minn. 2012), and we are "deferential to police officer training and experience and recognize that a trained officer can properly act on suspicion that would elude an untrained eye." *State v. Britton*, 604 N.W.2d 84, 88-89 (Minn. 2000). The officer's training and experience led him to suspect that appellant and Weatherly were under the influence of a controlled substance, and he expanded the traffic stop to further investigate on that basis.

The traffic stop was videotaped by a video camera mounted on the police vehicle. During oral argument, appellant argued that the videotape does not corroborate the officer's account that Weatherly was impaired. Appellant characterizes their conversation as "normal," and argues that "[n]othing in . . . this exchange supports Officer Walski's claim that Ms. Weatherly or [appellant] were under the influence of a controlled substance." Appellant therefore urges this court to carefully review the videotape. Based on our

5

independent review of the videotape, the district court's factual findings were not clearly erroneous. The videotape evidence supports the officer's testimony and, therefore, the officer's reasonable articulable suspicion that Weatherly was under the influence of a controlled substance. Weatherly performed poorly on the field sobriety tests and appeared confused and incoherent in her responses to the officer. Officer Walski can be heard asking Weatherly to open her "half-closed" eyes. Although the sores on Weatherly's face and arms are not visible, the video was recorded at night and Weatherly's skin appears washed out in the squad vehicle's bright lights.

Because the district court's findings were not clearly erroneous that the officer lawfully expanded the scope of the stop in searching appellant's vehicle, we determine that the district court properly denied his motion to suppress.

**II.**

With a few exceptions, warrantless searches are unreasonable. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967). "Evidence obtained as a result of a seizure without reasonable suspicion must be suppressed." *State v. Diede*, 795 N.W.2d 836, 842 (Minn. 2011). An exception to the warrant requirement is the automobile exception. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Under this exception, police may search a motor vehicle without a warrant "[w]hen probable cause exists to believe that a vehicle contains contraband." *Id.* Probable cause exists when, looking at the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983).

6

Appellant argues the automobile exception does not apply because the police officer lacked probable cause to believe there were drugs in the vehicle. We disagree. The smell of marijuana provides an officer with probable cause to search a vehicle and its occupants without a warrant. *See State v. Schultz*, 271 N.W.2d 836, 837 (Minn. 1978); *see also Ortega*, 749 N.W.2d at 854 (clarifying that probable cause is a reasonableness test and applies regardless of the amount of marijuana found on driver), *aff'd*, 770 N.W.2d 145 (Minn. 2009); *State v. Pierce*, 347 N.W.2d 829, 833 (Minn. App. 1984) ("It has long been held that the detection of odors alone, which trained police officers can identify as being illicit, constitutes probable cause to search automobiles for further evidence of crime."); *State v. Wicklund*, 295 Minn. 403, 405, 205 N.W.2d 509, 511 (1973) (smell of burnt marijuana and driver's "furtive movements" provided probable cause for vehicle search).

Here, the officer smelled the odor of marijuana coming from the vehicle and observed Weatherly and appellant acting in a manner that suggested they were under the influence of a controlled substance. The officer testified that Weatherly had constricted pupils, "appeared to be on the nod," could not keep her eyes open, and performed poorly on field sobriety tests. The district court found this testimony credible, and we defer to the district court's credibility determinations. *State v. Klamar*, 823 N.W.2d 687, 691 (Minn. App. 2012). Based on the totality of the circumstances, including the odor of marijuana, the officer's observations of Weatherly's behavior, and the officer's training and expertise, we determine that the district court correctly concluded that the officer had probable cause to search appellant's vehicle.

Appellant also argues that, due to a change in the law regarding what constitutes a criminal possession of marijuana, the odor of marijuana alone does not always provide probable cause to suspect possession of a *criminal* amount of marijuana. Appellant fails to provide authority for this assertion. We therefore conclude that the district court did not err by holding that the search of appellant's vehicle was lawful under the automobile exception to the warrant requirement.[1]

**Affirmed.**

---

[1] Appellant also argues that the officer lacked probable cause to believe Weatherly was under the influence of a controlled substance. Because we determine that the search was valid under the automobile exception, we do not address appellant's remaining argument.